UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE CULP, ) | |
| ) | No. 17 C 252 |
| Plaintiff, ) | |
| ) | Judge Gary Feinerman |
| vs. ) | |
| ) | Magistrate Judge Sheila Finnegan |
| HARRAH'S ILLINOIS ) | |
| CORPORATION, et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT OFFICERS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW COMES Plaintiff Lawrence Culp, through his attorneys Amanda S. Yarusso and Lawrence Jackowiak, Jackowiak Law Offices, and responds as follows in opposition to the State Defendant Officers' Rule 12(c) Motion for Judgment on the Pleadings.

### I. Plaintiff's Fourth Amendment Claim Cannot Be Declared Untimely as a Matter of Law

Defendants argue that Plaintiff's Fourth Amendment claim accrues when he was released on bond, on April 30, 2013. (ECF No. 128 at 6). Mitchell v. City of Elgin, 912 F.3d 1012 (7th Cir. Jan. 2, 2019) makes plain that this argument turns on questions of fact as to the seizure Plaintiff experienced while on bond pending trial, facts that have yet to be fully investigated in discovery in this case. Furthermore, while the Seventh Circuit has ruled that a plaintiff's Fourth Amendment claim based on unlawful pretrial detention without probable cause accrues when the detention ends, the Supreme Court has granted certiorari in McDonough v. Smith, No. 18-485, 2019 WL 166879 (U.S. Jan. 11, 2019) (oral argument proceeded April 17, 2019), recognizing a circuit split as to claim accrual for section 1983 claims stemming from constitutionally-infirm criminal proceedings. The Court's opinion in that case may answer the accrual question

rendering the question left open in Mitchell unimportant for this case. The Supreme Court will issue its opinion by late June, and its ruling may provide that Plaintiff's Fourth Amendment claim accrued upon the favorable termination of the criminal case on January 12, 2016.

    Defendants argue that Plaintiff's bond conditions do not constitute a seizure under the established case law. This argument is wrong for two reasons. First, the cases cited by Defendants concern equal protection claims, not Fourth Amendment claims such as Plaintiff's. Furthermore, those cases were decided prior to Manuel v. City of Joliet ("Manuel I"), ––– U.S. –––, 137 S.Ct. 911, 197 L.Ed.2d 312 (2017), abrogating the Seventh Circuit's prior rejection of a Fourth Amendment claim based on post-arraignment, pretrial detention. In this new legal landscape, the question of what constitutes a seizure or detention, including various bond conditions, is undecided, as the Seventh Circuit declared in Mitchell v. City of Elgin. Id., 912 F.3d. at 1016-17. The Court recognized a circuit court split on this issue with a minority of circuits holding that a mere obligation to appear at court represents a seizure, and the majority of circuits requiring more restrictive conditions before finding a seizure exists. Id., at 1017. Because the Mitchell Court was not presented with facts describing the conditions of the plaintiff's pre-trial bond release, it declined to take a position on either side of the circuit split as to what constitutes a seizure under the standard established in Brendlin v. California, 551 U.S. 249, 254–55, 127 S.Ct. 2400, 168 L.Ed.2d 132 (2007). Id. ("Whether pretrial-release conditions satisfy th[e] standard—and if so, which ones—will have to be resolved in this circuit in the wake of Manuel I and II.")

    Second, the bond conditions imposed on Mr. Culp may very well constitute a detention and Plaintiff must have the opportunity to prove this factual issue. In Mitchell, the Court highlighted the "possibility that pretrial release might be construed as a 'seizure' for Fourth

2

Amendment purposes if the conditions of that release impose significant restrictions on liberty." 912 F.3d at 1016. This Court cannot rule, based on the pleadings and "Bail Bond Deposit" submitted by Defendants, that Plaintiff was not seized as a matter of law. The statute of limitations is an affirmative defense, United States v. N. Trust Co., 372 F.3d 886, 888 (7th Cir. 2004), and a plaintiff is not required to anticipate and negate an affirmative defense in the complaint. Chicago Bldg. Design, P.C. v. Mongolian House, Inc., 770 F.3d 610, 613–14 (7th Cir. 2014). Thus, Defendants' argument that Plaintiff's complaint is devoid of any special bond restrictions is not well taken. Furthermore, as Defendants point out, the "Bail Bond Deposit" enumerated "Standard Conditions" and cannot be relied upon as the complete evidentiary record on all aspects of Plaintiff's restrictions on his freedom while he awaited trial. As Defendants acknowledge, the criminal court imposed additional restrictions, including the expansive order barring Plaintiff from any gambling establishment. Without the transcript of the arraignment and any subsequent proceedings wherein the Court may have iterated bond restrictions and without Plaintiff's testimony as to how these restrictions effected his freedom, this Court cannot rule that Plaintiff was not seized for the purpose of his post-Manuel Fourth Amendment unlawful detention claim. Accordingly, it would premature to declare Plaintiff's claim time-barred.

## II. Plaintiff's Due Process Claim

At the time Plaintiff filed his complaint, the state of the law and fate of his Fourth Amendment claim was uncertain. Since then the Supreme Court and Seventh Circuit have clarified the law, as Defendants point out. Thus, Plaintiff concedes his due process claim is subject to dismissal; however, given the pending McDonough case and other potential decisions in this Circuit flowing from it, Plaintiff's claim should be dismissed without prejudice in the event Lewis v. City of Chicago, 914 F.3d 472 (7th Cir. 2019) is overruled or otherwise abrogated.

3

### III.  Plaintiff's State Claims Are Not Barred by Sovereign Immunity

Plaintiff has not named the State of Illinois as a defendant and the Illinois State Lawsuit Immunity Act does not apply. A claim against an individual state employee sued in his individual capacity is not a claim against the State of Illinois. The fact that the State voluntarily may indemnify an employee, when and if there is a finding of liability and an award of damages, does not convert the claim into on against the State nor cloak the employee with Eleventh Amendment immunity. Rubacha v. Coler, 607 F.Supp. 477, 481 (N.D.Ill. 1985) ("To hold otherwise would give the State carte blanche to provide a meaningless kind of paper protection - granting an "indemnification" that would, by its very existence, destroy the liability to which the indemnity purportedly extends.") Defendants point to allegations in the Complaint that the officers were acting in the scope of their employment, but this does not transform the action into one against the State. The defendant officers are plainly sued in their individual capacities and Plaintiff's designation is controlling. Kolar v. County of Sangamon, 756 F.2d 564, 568 (7th Cir.1985).

Plaintiff alleges that the defendant officers prosecuted him for multiple felonies for illegally manipulating an electronic gaming device that overpaid Plaintiff; and that they did so despite knowing without any doubt that the overpayment was caused by a manufacturing defect, based on the device manufacturer's thorough investigation. Because Plaintiff alleges that the officers acted "in violation of statutory or constitutional law," sovereign immunity does not bar his state-law claims. Murphy v. Smith, 844 F.3d 653, 660 (7th Cir. 2016), aff'd, 138 S. Ct. 784, 200 L. Ed. 2d 75 (2018) (citing Fritz v. Johnston, 282 Ill.Dec. 837, 807 N.E.2d at 467). The Grainger case cited by Defendants focuses on a defendant's duty and breach thereof, but Plaintiff

4

is not alleging a negligence/breach of duty claim. His claim for malicious prosecution alleges intentional misconduct.

Moreover, the court's reasoning in Grainger is inconsistent with established case law holding that: "Sovereign immunity affords no protection, […]when it is alleged that the State's agent acted in violation of statutory or constitutional law or in excess of his authority, and in those instances an action may be brought in circuit court." Healy v. Vaupel, 133 Ill. 2d 295, 308, 549 N.E.2d 1240, 1247 (1990). (In Grainger, the court noted that this argument was not raised in the initial briefing.) Following Grainger's logic, a state agent could never be sued in another forum no matter how aberrant the conduct, as long as it stemmed from some duty they were employed to perform lawfully and properly. This would obliterate the rule articulated in Healy which has not been overruled and is good law.

In Currie v. Lao, 148 Ill. 2d 151 (1992), the Illinois Supreme Court explained that "[t]he legislative grant of sovereign immunity shields the *State* from being haled into circuit court; it is *not* a blanket grant of immunity for all State employees." (original emphasis). Id., 148 Ill. 2d at 159, 592 N.E.2d 977, 980 (1992). The issue turns on whether the employee breaches a duty imposed on him *solely* by virtue of his employment, rather than a general duty owed. The Grainger ruling does not properly follow the strict delineation set out in Currie. Any citizen can be sued for malicious prosecution and thus, this is not a duty imposed solely by the officers' employment. Currie, 148 Ill. 2d at 160, 592 N.E.2d 977, 981 ("[N]egligence that arises from the ordinary operation of a motor vehicle is based on the breach of the duties every driver owes to every other driver.") If a state trooper does not enjoy sovereign immunity for negligent driving while on duty and enforcing the law, the Defendants in this case are not entitled to immunity for maliciously prosecuting Mr. Culp for felonies with full knowledge of his legal innocence. Id.

5

### IV. Plaintiff's Claims Are Not Adequately Protected in the Court of Claims

Plaintiff would likely suffer severe delay to obtain even partial relief in the Court of Claims. The Court of Claims limits a claimant's recovery regardless of the extent of his damages. Justice is slow indeed in the Court of Claims. For example, the case of <u>Bartley v. the State of Illinois</u>, 17 CC 2306, was tried in July 2018, yet the Court of Claims has yet to decide Plaintiff's claims.

Furthermore, because Plaintiff's federal claim against the officers survives this motion, the Illinois Court of Claims Act, 705 ILCS 505/8(d), is inapplicable. <u>Sebesta v. Davis</u>, 2013 WL 5408796, *2 (N.D.Ill. 2013) (State immunity rules apply to state claims, but not federal claims, brought in federal court.) (citing cases). See also <u>Magdziak v. Byrd</u>, 96 F.3d 1045, 1048-49 (7th Cir. 1996).

WHEREFORE, Plaintiff requests that this Court deny Defendants' motion for judgment on the pleadings on all claims, with the exception of the due process claim which Plaintiff requests be dismissed *without* prejudice.

s/ Amanda S. Yarusso

Jackowiak Law Offices
111 West Washington Street, Suite 1500
Chicago, Illinois 60602
(312) 795-9595

*Counsel for the Plaintiff*
