UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| LAWRENCE CULP, | ) | |
|---|---|---|
| | ) | No. 17 C 252 |
| Plaintiff, | ) | |
| | ) | Judge Gary Feinerman |
| vs. | ) | |
| | ) | Magistrate Judge Sheila Finnegan |
| HARRAH'S ILLINOIS | ) | |
| CORPORATION, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT OFFICERS' MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW COMES Plaintiff Lawrence Culp, through his attorneys Amanda S. Yarusso and Lawrence Jackowiak, Jackowiak Law Offices, and submits this supplemental response in opposition to the State Defendant Officers' Rule 12(c) Motion for Judgment on the Pleadings.

### I. The Supreme Court's Ruling in McDonough Confirms Plaintiff's Fourth Amendment Claim is Timely

After the parties briefed Defendants' motion for judgment on the pleadings (ECF No. 127), the Supreme Court provided an answer to the claim-accrual question at issue in the motion, squarely holding that the statute of limitations on plaintiff's "§ 1983 claim alleging that he was prosecuted using fabricated evidence began to run when the criminal proceedings against him terminated in his favor." McDonough v. Smith, 139 S.Ct. 2149, 2161 (June 20, 2019).

Similarly to McDonough, favorable termination in this case came when the charges against plaintiff were dismissed by the State's motion to *nolle prosequi* after Plaintiff demanded trial, on January 12, 2016. Plaintiff filed his complaint on January 12, 2017, well within the two-year statute of limitations that began to run from the date of dismissal.

Defendants may argue that this Court should not apply McDonough until the Seventh Circuit formally abrogates its rule that Plaintiff's claim accrued at the end of his unreasonable seizure. Manuel v. City of Joliet, 903 F.3d 667 (7th Cir. 2018). But even if Plaintiff's claim accrued at the end of his unreasonable seizure, this action is still timely because he continued to be "seized" while on bond. This conclusion is the only way to square the Seventh Circuit's ruling in Manuel with McDonough.

The Seventh Circuit held in Mitchell v. City of Elgin, 912 F.3d 1012 (7th Cir. 2019) that whether a criminal defendant released on bond continues to be "seized" is an open question. Id. at 1017. The Supreme Court provided an answer to this question in McDonough, holding that it was undisputed that there was a deprivation of liberty when the criminal defendant was "subject to restrictions on his ability to travel and other 'restraints not shared by the public generally.'" McDonough, 139 S.Ct. at 2156, n.4 (quoting Justices of Bos. Mun. Court v. Lydon, 466 U.S. 294, 301 (1984).) McDonough reached this conclusion by relying on Justices of Boston Municipal Court v. Lydon, 466 U.S. 294 (1984), where the Court held that a defendant released on personal recognizance awaiting trial is "in custody" for the purpose of federal *habeas corpus* jurisdiction. Id. at 301. This reasoning applies equally to Plaintiff: for purposes of federal *habeas corpus* jurisdiction, Plaintiff was "in custody" while on bond until the favorable termination of his criminal case.

In Manuel, the Seventh Circuit held that the availability of a *habeas* remedy meant that "a § 1983 suit had to wait until [plaintiff's] release." Manuel v. City of Joliet, 903 F.3d 667, 670 (7th Cir. 2018). The same is true here. Plaintiff's section 1983 suit had to wait until the termination of his pretrial release bond. Thus, even under the Seventh Circuit's pre-McDonough precedent, Plaintiff's claim is timely.

2

Moreover, the McDonough Court's concern with "impos[ing] a ticking limitations clock on criminal defendants as soon as they become aware that fabricated evidence has been used against them," and the numerous practical problems in instances where criminal cases drag on longer than the civil limitations periods, fully applies here. Id., 139 S.Ct. at 2158. An unlawful detention does not end until the criminal case ends and the falsely-accused individual is truly free. Being subject to bond restrictions must constitute a detention in order to reconcile Manuel with McDonough and not require the initiation of a civil suit challenging a criminal prosecution until that prosecution has ended.

The Defendants may also argue that Manuel applies to a Fourth Amendment claim based on a lack of probable cause for criminal charges unlike the plaintiff's claim in McDonough which was based on the fabrication of evidence under the Due Process Clause. But the McDonough reasoning applies with equal force to a claim based on either of these infirmities with the criminal process, and thus this distinction does not require a different conclusion here. Furthermore, Plaintiff alleged in his Fourth Amendment claim that the state Defendants' arrest, detention and prosecution of Plaintiff was based on the officers' false testimony and police reports, forms of fabricated evidence. (FAC ¶62, ECF No. 57.)

**II.     Plaintiff's Due Process Claim**

The McDonough ruling examined the accrual date for a due process claim based on the fabrication of evidence. Id., 139 S. Ct. at 2155 ("We assume without deciding that the Second Circuit's articulations of the right at issue [treated as arising under the Due Process clause] and its contours are sound…") Plaintiff's due process claim here (Count VI) attacks the baseless criminal process brought against him (alternatively or in addition to the wrongful pretrial detention he endured) based on Defendants' false allegations, testimony and police reports. (FAC

3

¶65, 67-68, ECF No. 57.) Such a claim can be brought under the Fourteenth Amendment and accrued when the criminal proceedings terminated on January 12, 2016. To the extent that Lewis v. City of Chicago, 914 F.3d 472 (7th Cir. 2019) held otherwise, it is overruled or otherwise abrogated by McDonough. McDonough also likened such a claim as most analogous to the common law tort of malicious prosecution. Id., 139 S. Ct. at 2156. Thus, the holding in Lewis regarding the accrual date for that plaintiff's claim and rejecting the malicious prosecution analogy, must not apply to Plaintiff's due process claim to be consistent with McDonough. This leads to the conclusion that Plaintiff has a timely-filed claim for the baseless criminal prosecution brought against him arising under the Due Process Clause.

      WHEREFORE, Plaintiff requests that this Court deny Defendants' motion for judgment on the pleadings on all claims.

                                      s/ Amanda S. Yarusso

                                      Jackowiak Law Offices
111 West Washington Street, Suite 1500
Chicago, Illinois 60602
(312) 795-9595

*Counsel for the Plaintiff*